UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

TARY HOLCOMB,

    Defendant-Petitioner.
_____/

No. 07-11210
(Crim. No. 04-80642-1)

District Judge Paul D. Borman
Magistrate Judge R. Steven Whalen

**REPORT AND RECOMMENDATION**

Before the Court is Petitioner Tary Holcomb's Motion to Vacate Sentence [Docket #283], filed pursuant to 28 U.S.C. §2255, which has been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). For the reasons that follow, I recommend that the Motion be DENIED.

    **I.    FACTUAL AND PROCEDURAL BACKGROUND**

On December 12, 2005, Defendant pled guilty to Count I of an indictment charging conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The Defendant pled pursuant to a Rule 11 plea agreement, the terms of which he signed and acknowledged at the plea proceeding (Tr. 12-12-05, 9-12). Both in the written agreement and in open court, the Defendant admitted that between January of 2001 and July of 2004, the total amount of marijuana involved in the conspiracy to which he was pleading was over 1,000 kilograms (Tr. 12-12-05, 13-14); *Rule 11 Plea Agreement*, Docket

-1-

#181 , ¶ 1( C ). The other pertinent terms of the plea agreement were as follows: (1) the sentencing range would be 151 to 170 months, with a 5-year period of supervised release; (2) if the government determined that the Defendant provided substantial assistance, it would recommend, pursuant to U.S.S.G. § 5K1.1, that the Defendant be sentenced to 120 to 135 months; (3) if the Defendant were sentenced within the Rule 11 agreement, he would waive his right to appeal (Tr. 12-12-05, 10-12).

Prior to sentencing, the government in fact moved for a downward departure to 120 months, the mandatory minimum sentence (Sentencing Tr. 5-25-06, 5). Allocuting at sentencing, the Defendant stated, "I would just like to say I accept my responsibility. I just have a slight problem with the drug amount, but I accept my responsibility and my sentence." (Tr. 5-25-06, 8). The Court accepted the government's recommendation, and imposed a sentence of 120 months (Tr. 5-25-06, 8).

On March 21, 2007, Defendant filed the present motion to vacate sentence.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a federal prisoner may file a motion to vacate, set aside, or correct his sentence on the ground that the sentence was imposed in violation of the United States Constitution. "[A] defendant must show a fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998) (internal quotation omitted); *Gall v. United States,* 21 F.3d 107, 109 (6th Cir.1994). To prevail under § 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had

a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Griffin v. United States,* 330 F.3d 733, 736 (6th Cir. 2003).

## III. ANALYSIS

Defendant's motion is based on two general claims: that his attorney was ineffective, and that the Court failed to make sufficient factual findings to support his plea and sentence. He raises six specific and, to a large degree, overlapping claims: (1) his plea was involuntary because he was "induced" to plead guilty through his counsel's ineffectiveness, including counsel's failure to hold a hearing on the amount of drugs attributable to each defendant and on the scope of his participation in the conspiracy; (2) the Court failed to make findings of fact as to the total amount of drugs; (3) the Court failed to make findings of fact as to the amount of drugs specifically attributable to the Defendant; (4) his attorney was ineffective for failing to challenge the sentencing court's failure to make a finding as to the scope of Defendant's participation in the conspiracy; (5) the government failed to prove beyond a reasonable doubt that Defendant was a leader or organizer in the conspiracy, and counsel was ineffective for failing to move for a "mitigating role" adjustment in the sentencing guidelines; and (6) counsel was ineffective for failing to challenge any of the above errors.

### A. Ineffective Assistance of Counsel

The Sixth Amendment guarantees the accused in a criminal prosecution the right to the effective assistance of counsel. *Strickland* v. *Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Strickland* sets forth a two-part test for assessing claims of ineffective assistance. First, did the attorney make errors "so serious that counsel was not

functioning as the counsel guaranteed by the Sixth Amendment," 466 U.S. at 687. To establish deficient performance under this prong of *Strickland*, the defendant must show that his attorney's representation "fell below an objective standard of reasonableness." *Id.*, at 688. The second prong of *Strickland* examines whether the defendant was prejudiced by counsel's deficient performance. To meet the prejudice standard, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

Where ineffective assistance is alleged in the context of a guilty plea, it must be shown that counsel's performance was deficient and that the deficient performance caused the defendant to reach a different decision regarding the plea. *Hill* v. *Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). To satisfy the "prejudice" prong of *Strickland*, the defendant must show that but for counsel's errors, he or she would not have pled guilty, but would have insisted on going to trial. *Hill*, 474 U.S. at 58-59; *Warner* v. *United States*, 975 F.2d 1207, 1214 (6th Cir. 1992)(prejudice shown if defendant shows a reasonable probability that but for counsel's defective advice, he would not have pled guilty).

Defendant's claim that his attorney induced him to plead guilty through mis-advice and failure to challenge drug amounts and the Defendant's role in the conspiracy is completely contradicted by the record. First, at the plea proceeding, the Defendant expressed satisfaction with his lawyer:

THE COURT: You have your attorney, Mr. Korn, beside you in court today.

> Have you discussed this matter with him?
>
> THE DEFENDANT: Yes, I did.
>
> THE COURT: And are you satisfied with his advice and service?
>
> THE DEFENDANT: Yes, Your Honor. (Tr. 12-12-05, 7).

Secondly, the Defendant's claim that his attorney failed to challenge pertinent facts, such as the drug quantity, ignores the fact that the Defendant *admitted* to those facts, both in the written Rule 11 plea agreement and in open court. At the plea proceeding, the Defendant indicated that he had discussed his reservations about the drug amount with his lawyer, but that in truth, it was over 1,000 kilograms:

> AUSA DAVIS: Mr. Holcomb, would you agree that over that three-and-a-half-year period of time between January of 2001 and July of 2004 that the amount of marijuana that was shipped from Arizona to Detroit exceeded 1,000 kilograms which is about 2,200 pounds?
>
> THE DEFENDANT: Yeah. I talked to my lawyer. He persuaded me that's part of what it was.
>
> MS. DAVIS: Well, is that the actual truth, though?
>
> THE DEFENDANT: Yeah, I would say.
>
> MS. DAVIS: If you put it all together, was it over 2,200 pounds?
>
> THE DEFENDANT: Yeah, I would say that. (Tr. 12-12-05, 14).

A defendant has two ways to challenge a fact such as drug quantity: to have an evidentiary hearing or other factual inquiry at sentencing, or to go to trial. Either of those options presupposes a disputed issue of fact. Indeed, the Court advised this Defendant that he was presumptively innocent and that he had a right to a trial at which the government

would have to prove his guilt beyond a reasonable doubt (Tr. 12-12-05, 8). He not only gave up that right when he pled guilty, but he clearly and unambiguously stipulated to the drug quantity. There was no disputed question of fact.

The Defendant appears to be arguing that if his attorney had more aggressively questioned or challenged certain facts, he would have not pled guilty to a conspiracy involving over 1,000 kilograms of marijuana.[1]  Admittedly, it is often difficult for a defendant to understand that the "in for a dime, in for a dollar" theory of conspiracy: that he is responsible not only for his own acts, but for the reasonably forseeable acts of his co-conspirators. *See United States v. Gonzales*, 501 F.3d 630, 643 (6th Cir. 2007). Nor is it uncommon for a defendant to resist, or only reluctantly accept, advice from his attorney regarding his co-conspirator liability for a larger drug amount, advice that, from a layperson's perspective, seems counterintuitive. However, in *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), the Supreme Court held, "The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." That is exactly what happened in the Defendant's case. He knew he had a right to trial, he knew that a conviction for over 1,000 kilograms

---

[1] Defendant also argues that his attorney was ineffective in failing to challenge his designation as a leader or organizer and failing to argue for a lower sentencing range based on a minimal role in the offense. Apart from the fact that any such error on counsel's part would be harmless, given that Defendant received the lowest sentence he could based on the mandatory minimum of 120 months, counsel in fact filed a sentencing memorandum in which he argued for a sentence of 120 months in order to avoid "unwarranted sentencing disparities" *vis-a-vis* the codefendants.

carried a mandatory minimum sentence of 120 months, and he chose to plead guilty to that amount. Under *Strickland* and *Hill v. Lockhart*, he has not shown either deficient performance by counsel or prejudice.

### B. The Court's Factual Findings

First, to the extent that Defendant is suggesting that the sentencing court failed to comply with Rule 11, he is wrong. A perusal of the plea transcript shows that the Court fully and scrupulously complied with Rule 11 in advising the Defendant of the nature of the charges, the rights he was waiving, and the consequences of his plea. Defendant entered a constitutionally valid plea which was fully in compliance with Rule 11 as well as the standards set forth in *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

Citing *Apprendi v. New Jersey*, 530 U.S. 446, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the Defendant also argues that because his indictment did not allege specific drug amounts, the Court erred in sentencing him for over 1,000 kilograms, and also erred by failing to make specific factual findings as to the drug amount attributable to him.

The court did not violate *Apprendi*. In *Apprendi*, the Court held that "any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict *must be admitted by the defendant* or proved to a jury beyond a reasonable doubt." *United States v. Booker*, 543 U.S. 220, 233, 125 S.Ct. 738, 160 L.Ed. 2d 621 (2005) (emphasis added). Again, the

Defendant *admitted*, both in the Rule 11 agreement and in open court, that the amount of marijuana involved, that would be attributable to him in determining the sentence, was more than 1,000 kilograms.

As to the Defendant's role in the offense as a leader or organizer, he stipulated to such in the Rule 11 agreement, and agreed to the resulting guidelines range of 151 to 170 months. Furthermore, even if it were posited that the Court erred in that determination, or that the Defendant's attorney was remiss in not challenging his role in the offense, any error would be harmless, since the Defendant received the lowest possible sentence he could have received, given the mandatory minimum of 120 months.

## IV. CONCLUSION

Accordingly, I recommend that Defendant's Motion to Vacate Sentence [Docket #283] be DENIED.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D.

Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen<br>
R. STEVEN WHALEN<br>
UNITED STATES MAGISTRATE JUDGE

Dated: February 11, 2008

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 11, 2008.

s/Susan Jefferson<br>
Case Manager